IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **COLLETTE LA TRESE KEETON** § § § | | **PLAINTIFF** |
| v. | § § § § | Civil No. 1:22-cv-195-HSO-BWR |
| **MOSS POINT SCHOOL DISTRICT** § | | **DEFENDANT** |

**ORDER GRANTING MOTION [27] TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE AS A DISCOVERY SANCTION AND FOR FAILURE TO PROSECUTE OR COMPLY WITH ORDER [26] COMPELLING PLAINTIFF TO SIT FOR A DEPOSITION**

THIS MATTER is before the Court on Defendant Moss Point School District's ("Defendant" or "Moss Point") Motion [27] to Dismiss and for case management purposes upon Plaintiff Collette La Trese Keeton's ("Plaintiff" or "Keeton") failure to comply with the Court's prior Order [26] Compelling Plaintiff to Sit for a Deposition on or Before November 22, 2023. For the reasons that follow, the Court will grant Defendant's Motion [27] to Dismiss and dismiss this case without prejudice as a discovery sanction and for Plaintiff's failure to sit for her deposition and for her failure to prosecute or obey the Court's prior Order [26].

I. BACKGROUND

Plaintiff Keeton filed this action pro se on July 28, 2022. Compl. [1]. She alleged various forms of employment discrimination, including age discrimination, disability discrimination, sex discrimination, and retaliation. *Id.* She attached two documents from the Equal Employment Opportunity Commission ("EEOC"): a letter

dated March 30, 2022, stating that the EEOC had "issued [an] enclosed Dismissal and Notice of Rights" letter that she had not yet downloaded from the EEOC's online portal, which triggered a 90-day period to file a lawsuit for employment discrimination, Doc. [1-2]; and a subsequent "Determination and Notice of Rights" letter dated July 18, 2022, informing her that the EEOC would not proceed further with its investigation and that she had 90 days from the date of receipt of the letter to file a lawsuit, Doc. [1-3].

A settlement conference was held on September 29, 2023. Order [26] at 1. As the Court's Order [26] explains, "Moss Point's counsel discussed that taking Keeton's deposition before the October 6, 2023 discovery deadline was necessary because Keeton's Amended Complaint [4] was difficult to interpret," and "Keeton agreed to sit for a deposition on October 4, 2023, at 10:00 a.m. by Zoom videoconferencing." Order [26] at 1. Defendant's counsel then filed with the Court, and mailed to Keeton at her address of record, a Notice of Deposition [23]. Although "[a] court reporter was prepared to start at the designated time, [] less than an hour before the deposition, Keeton emailed Moss Point's counsel and informed him that she would be unavailable for the deposition and asked to reschedule." Order [26] at 2. The email reads, "May I please reschedule for later today or for tomorrow? I am en route to several appointments." Doc. [27-7] at 1. Plaintiff did not move for a protective order. *See* Fed. R. Civ. P. 37(d)(2) (providing that "[a] failure described in Rule 37(d)(1)(A)," which includes a party's failure to appear for a deposition, "is not excused on the ground that the discovery sought was objectionable, unless the party

failing to act has a pending motion for a protective order under Rule 26(c)").

On October 20, 2023, Moss Point moved to dismiss the case as a discovery sanction under Federal Rule of Civil Procedure 37, or alternatively to compel Plaintiff to sit for a deposition. Mot. [24]. The Court entered an Order [26] Compelling Plaintiff to Sit for a Deposition on or Before November 22, 2023, warning Plaintiff that if she did not do so, "this case may be dismissed as a discovery sanction under Federal Rule of Civil Procedure 37(d) and for failure to prosecute and obey a Court Order under Federal Rule of Civil Procedure 41(b)." Order [26] at 1. The docket indicates that the Order [26] was mailed to Plaintiff's address of record, and it was not returned as undeliverable.

On November 8, 2023, Defendant's counsel sent Plaintiff an email and mailed her a letter in which he provided his availability to take her deposition before the November 22, 2023 deadline. Doc. [27-9], [27-10]. Counsel mailed the letter to Plaintiff's address of record, though the envelope indicates it was evidently returned; it is marked "Return to Sender"; "Attempted - Not Known"; "Unable to Forward." Doc. [27-10] at 1.[1] Counsel also sent an email with the letter attached to Plaintiff's email address that she had used to inform Defendant's counsel that she was cancelling the October 4, 2023 deposition. Doc. [27-9] at 1–2, *see* Doc. [27-7] at 1.

On November 27, 2023, Defendant moved to dismiss this case, stating, "November 22, 2023 has elapsed and Plaintiff has not sat for her deposition nor has

---

[1] Plaintiff has not filed a new address with the Court.

3

she engaged with Movant in seeking to accomplish the same." Mot. [27] at 2. Plaintiff has not filed a response to Defendant's Motion [27] to Dismiss and the record lacks any indication that she has attempted to sit for a deposition or otherwise prosecute her case. The discovery deadline in this case passed on December 6, 2023.

## II. DISCUSSION

Federal Rule of Civil Procedure 37(d) provides that the Court may order sanctions where a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may include dismissing the action. Fed. R. Civ. P. 37(b)(2)(A)(v); *see Roy v. ADM Grow Mark*, 211 F.3d 593, 2000 WL 329273, at *3 (5th Cir. 2000) (unpublished table decision) ("Under Rule 37(d), a party refusing to attend his own deposition can be sanctioned under Rule 37(b). Among the sanctions available to a district court under Rule 37(b) is dismissal of the action with prejudice."). "Deliberate, repeated refusals to comply with discovery orders have been held to justify the use of this ultimate sanction." *Bonaventure v. Butler*, 593 F.2d 625, 626 (5th Cir.1979) (affirming dismissal when the plaintiff refused to appear for a deposition three times).

The Fifth Circuit has also explained that "[a] district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court," and "possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (first citing Fed. R. Civ. P. 41(b); then *Link v. Wabash R.R. Co.*, 370 U.S. 626,

4

630–31 (1962)).

The Court has reviewed the record and it reveals that Plaintiff has twice failed to sit for a deposition.  She first agreed to schedule one for October 4, 2023, but she canceled without a legitimate explanation about an hour before the deposition.  She then failed to comply with the subsequent Order [26] of the Court compelling her to sit for a deposition by November 22, 2023.  Nor does the record reveal an attempt by Plaintiff to reschedule a deposition or otherwise prosecute her case.[2]

This case has been pending since July 28, 2022, and Plaintiff has failed to comply with the Court's November 6, 2023, Order [26] or respond to Defendant's November 27, 2023, Motion [27] to Dismiss.  And to the extent that the statute of limitations has run on some of Plaintiff's claims—rendering any dismissal in effect a dismissal of those claims with prejudice—the Court finds that "the plaintiff engaged in 'purposeful delay or contumacious conduct'" in repeatedly failing to comply with court orders, and that "the imposition of lesser sanctions would [] be futile [and] not in the best interest of justice" because the delays in this action continue to prejudice Defendant, which must continue expending time and resources to litigate this case.  *Hickman v. Fox Television Station, Inc.*, 231 F.R.D. 248, 252 (S.D. Tex. 2005), *aff'd*, 177 F. App'x 427 (5th Cir. 2006) (quoting *Dorsey v. Scott Wetzel Servs., Inc.*, 84 F.3d 170, 171 (5th Cir.1996)).  Accordingly, the Court will grant Defendant's Motion [27] to Dismiss and dismiss the case without

---

[2] She has apparently also failed to keep the Court apprised of her mailing address.

prejudice under Federal Rule of Civil Procedure 37 as a discovery sanction and for Plaintiff's failure to prosecute or comply with the Court's orders.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Moss Point School District's Motion [27] to Dismiss is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** as a discovery sanction under Federal Rule of Civil Procedure 37 and for failure to prosecute or comply with the Court's Order [26]. A separate final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED** this the 10th day of January, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE